## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERMAN FIGUEROA-LOPEZ** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23cv71 |
| | ) | **Electronic Filing** |
| **DR. MICHAEL HERBIC**, SCI-Fayette | ) | |
| Medical Director, **DR. RAJINDER** | ) | |
| **MALHI**, **MARK JENKINS**, **LAURENE** | ) | |
| **DONNELLEY**, **JIM BRIGHT**, and | ) | |
| **DANIELLE PANACH** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

AND NOW, this 10th day of March, 2026, upon due consideration of defendants Dr. Michael Herbik, Dr. Rajinder Malhi, and Laurene Donnelley's motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that [84] the motion be, and the same hereby is, granted in part and denied in part.  The motion is denied to the extent it seeks to dismiss plaintiff's Eighth Amendment claim relating to deliberate indifference to serious medical needs predicated on the events surrounding plaintiff's post-surgery physical therapy.  The motion also is denied as to the First Amendment retaliation claim against defendant Herbik.  The motion is granted in all other aspects.

Plaintiff's first two objections to the pending Report and Recommendation are unavailing. First, plaintiff has not submitted sufficient evidence to dispute the factual underpinnings of the notice established by defendants at Document Numbers 86, 87 and 89.  Second, contrary to plaintiff's assumptions, the Third-Party Release is not being used to dismiss claims against non-agents of Wellpath Holdings, Inc.  To the contrary, the release applies to all claims based on,

related to or arising from Wellpath's business operations.

Plaintiff's third objection stands on different footing.  Neither defendants' motion to dismiss nor a *de novo* review of the record demonstrates that as a matter of law plaintiff's claim for First Amendment retaliation, recognized as being implicitly raised in the March 8, 2024, Report and Recommendation, does not present a claim or act that constitutes willful misconduct. To the contrary, it appears at this juncture that the claim necessarily is predicated on intentional retaliation for exercise of a constitutional right.  See, e.g., Kenyon v. Gutierrez, 2024 WL 3605962, *9 (M.D. Pa. July 30, 2024) (the third element of a retaliation claim requires a showing that "the plaintiff's protected conduct was a 'substantial or motivating factor ' in the prison officials' decision to take the adverse action"); accord Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (same).  Consequently, at this juncture any doubt as to whether the limitation on the release and discharge saves plaintiff's First Amendment retaliation claim must be drawn in plaintiff's favor.

The Report and Recommendation of February 10, 2026, as modified above is adopted as the opinion of the court.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    The Honorable Kezia O. L. Taylor,
        United States Magistrate Judge

       Alexander R. Ferrante, Esquire
       Joan E. Owhe, Esquire

       (*Via CM/ECF Electronic Mail*)

German Figueroa-Lopez
MX-0335
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450

(*Sent Via First Class Mail*)